BUCKNER & TERREL, ET AL. *v.* SAMUELS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—660, 663.]

**Parties to Cause Affecting Real Estate.**

No sale of real estate will be set aside affecting the purchaser of real estate where such purchaser is not made a party to the action for he is entitled to be heard before his rights can be disturbed.

**Description of Real Estate in Commissioner's Sale.**

An insufficient description in the petition and commissioner's report of the real estate sold, will not render the sale void where the purchaser is able to identify the land, but if there is a defective description this court can not remedy it, unless the purchaser has been made a party and had a chance to be heard.

**Right to Homestead.**

When a mortgage on real estate expressly reserves a homestead right and the fact that a senior mortgage covers the entire land will not authorize the chancellor to sell the homestead to satisfy that mortgage, and the balance of the land to pay the second mortgage.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

March 14, 1885.

OPINION BY JUDGE PRYOR:

More than two years elapsed from the granting or taking of an appeal as to either judgment, and therefore appellants are barred. Besides the purchaser of this land is not before the court and before his rights can be disturbed he is entitled to be heard. No sale will be set aside affecting the purchaser in a case like this, unless he is before the court. While the description of the land may be insufficient in the petition and commissioner's report, same would authorize a reversal as to the parties to the original action but when a sale is made and the purchaser can identify the land, something more than a want of description is necessary. The want of description only will not render the sale void, nor will a mere defect in the pleading, and if any error exists, this court can not remedy it by interfering with the sale unless the purchaser is heard. Samuel and wife, appellants, do not plead the statute, and therefore their rights may be determined.

If the facts are insufficiently alleged as to her rights to a homestead, the defect is cured by the answer placing in issue directly their right to it. The mortgage to the appellants reserves in express terms her homestead right, and the fact that a senior mortgage covers the entire land will not authorize the chancellor to sell the homestead to satisfy that mortgage, and the balance of the land or what is left to the payment of appellant's mortgage. This would in effect be doing what appellants agreed they would not do.

In the case of *Gardner v. Smith,* reported in 10 Bush, 245, this court overruled. *Webster v. Bronson,* 5 Bush, 521. In *Gardner v. Smith,* one creditor had a lien on the entire land, still it was held that if the land outside the homestead satisfied the lien, the owner was entitled to the exemption. The principle of marshalling assets or securities does not apply to a case like this. By the

statute, this property (the homestead) was not liable for either debt without the owner's consent in the manner pointed out by the statute. It was exempt from both debts in this case and could only be made liable to the first mortgage by reason of the express agreement. Now it is asked that this homestead be sold for the benefit of others and the first mortgagee required to sell it, when the chancellor would not have subjected it even to his mortgage if the balance of the land would have satisfied his debt. The judgment must be *affirmed*.

Judgment *affirmed*.

*J. W. Blue, for appellants.*

*W. Lindsay, for appellees.*